IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KENNETH DAVID BEALE,<br><br>Petitioner,<br><br>vs.<br><br>JAMES D. HARTLY, Warden, Avenal State Prison,<br><br>Respondent. | No. 2:10-cv-01590-JKS<br><br>MEMORANDUM DECISION |

Kenneth David Beale, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Beale is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Avenal State Prison.  Respondent has answered, and Beale has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

Following entry of a no-contest plea to driving under the influence of alcohol causing injury, Cal. Vehicle Code § 23153(a), with three prior driving under the influence convictions, Cal. Vehicle Code § 23566(a) (the driving offense), admission of a great bodily injury enhancement, Cal. Penal Code § 12022.7(a), two prior prison term allegations, Cal. Penal Code § 667.5(b), and in a consolidated case, a plea of no contest to bringing drugs into jail, Cal. Penal Code § 4573, in February 2009 Beale was sentenced to an aggregate term of ten years in prison. The California Court of Appeal, Third Appellate District, affirmed Beale's sentence in an

unpublished decision,[1] and the California Supreme Court denied review on May 12, 2010.  Beale

timely filed his Petition for relief in this Court on June 20, 2010.

As recited by the California Court of Appeal, the following proceedings occurred in the

trial court:

> At sentencing, the court indicated that it had reviewed the probation officer's report, which recommended the midterm of three years for the driving offense and an aggregate sentence of 10 years.  In making the sentence recommendation, the probation officer erroneously referred to a "special allegation" under Vehicle Code section 23566, subdivision (a), as having an additional triad of two, three or four years, suggesting the base term was one-third the midterm, or one year. Although the amended information in the driving case included an allegation for an enhancement of one year for each additional injured victim (Veh.Code, § 23558), [Beale] did not admit such allegation.
>
> Defense counsel sought no more than nine years, noting that [Beale] felt remorse as reflected in the probation report.  Anticipating the prosecutor's argument concerning the badly injured victims, defense counsel stated it would be a dual use of facts since [Beale] had admitted the great bodily injury enhancement.  The prosecutor sought an aggregate sentence of 10 years, noting the seriousness of the injuries of the three victims and [Beale's] criminal record.   The prosecutor questioned [Beale's] claim of remorse.
>
> The court denied probation based on the following: the stipulated state prison sentence of at least eight years and no more than 10 years; [Beale's] infliction of injury on the victims; [Beale] was an active participant; [Beale's] prior conduct suggested such conduct is likely to reoccur; [Beale's] pattern of regular or increasingly serious criminal conduct; [Beale's] unsatisfactory performance on probation; the unlikelihood [Beale] had the ability to comply with probation based on his substance abuse problem; and [Beale] would be a danger to others if granted probation.   The court noted that it was "mindful" that [Beale] indicated he had remorse but was "guarded in its assessment" of [Beale's] remorse.  For consecutive sentences, the court noted that the crimes and objectives were independent of each other and were committed at different times or separate places.
>
> The court then commented, "The Court has reviewed the enhancement section 23566[, subdivision](a) of the Vehicle Code. The conviction of [section] 23153 occurred within [10] years of two or more separate violations, that would be appropriate."  In aggravation, the court cited the following:  the crime involved injury to the victims, who were particularly vulnerable; [Beale's] prior convictions; and [Beale's] prior unsatisfactory performance on probation.  In mitigation, the court

---

[1] *People v. Beale*, No. C061321, 2010 WL 629506 (Cal. Ct. App. Feb. 24, 2010).

cited [Beale's] claim of remorse, but reiterated that the court was "guarded in its acceptance"; and, possibly, [Beale's] acknowledgment of wrongdoing relatively early in the criminal process.

In imposing an aggregate nine-year term for the driving case, the court determined that, although the factors in aggravation outweighed those in mitigation, it selected the midterm of three years for the driving offense. The court then imposed the following: "*The special allegation, the Court will impose the one[-]year one-third the midterm as to that enhancement.*" (Italics added.) The court imposed three years for the great bodily injury enhancement and one year for each of the two prior prison terms. For the drug smuggling case, the court planned to impose a consecutive term. Defense counsel interrupted, stating that he believed that the plea agreement provided for a concurrent sentence for the drug smuggling case.

After an off-the-record conference at the bench, the court noted that [Beale] did not admit the special allegation in the driving case for which the court had imposed one-third the midterm or one year. The court also noted that there was no agreement for a concurrent sentence on the drug smuggling case. The court stated that it would "strike its previous sentence and start over."

Stating no reasons whatsoever, the court then imposed the upper term of four years for the driving offense, three years for the great bodily injury enhancement, and one year for each of the two prior prison term allegations, for a total of nine years in the driving case. The court imposed a consecutive one-third the midterm or one year in the drug smuggling case. [Beale's] total sentence was 10 years. The court then granted custody credit and ordered fees, fines and victim restitution. Defense counsel interrupted and noted that one of the victims received an insurance settlement. The court continued with sentencing and asked if there was anything further. Defense counsel requested visitation for [Beale] with the codefendant in the drug smuggling case and the prosecutor opposed the request. The court denied the request. Defense counsel had nothing further.[2]

## II.  GROUNDS RAISED/DEFENSES

Beale raises three grounds for relief: (1) an unconstitutional failure of the trial court and prosecution to disclose evidence favorable to Beale; (2) that his conviction violated the Double Jeopardy Clause; and (3) the denial of review by the California Supreme Court denied him his constitutional right to appeal. Initially this Court notes that despite their denomination as separate grounds and incorrect headings, the factual basis for Beale's first and second grounds

---

[2] *Id.* at *1-2.

present only a single ground:  that the sentence imposed violated the negotiated plea agreement. Respondent contends that Beale's claims are totally unexhausted, and to the extent that he may be raising the same claim as raised on direct appeal, consideration of that claim is procedurally barred.

### III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412 (alteration added).

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir.

"unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[7]  The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[8]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[11]

---

2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[13] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[14] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[15]

---

[12] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[13] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[14] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[15] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

IV.  DISCUSSION

On appeal, Beale argued:

> [Beale] contends the trial court abused its discretion in failing to state the factor or factors that supported the increase from the three-year midterm originally imposed for the driving offense to the four-year upper term.  [Beale] claims the court "'reasoned' backwards."[16]

The California Court of Appeal rejected the argument, holding:

> [Beale] forfeited this claim by failing to object in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880; *People v. Scott* (1994) 9 Cal.4th 331, 351-353.) Although defense counsel argued initially for the midterm for the driving offense and no more than an aggregate nine-year prison sentence, when the court imposed the upper term for the driving offense and the 10-year aggregate term, defense counsel did not challenge the court's failure to state reasons which supported the increase from its initial choice of the midterm to the upper term for the driving offense. [Beale] will not be heard now on appeal.
> > DISPOSITION
> The judgment is affirmed.[17]

A.      **Exhaustion**

This Court may not consider claims that have not been fairly presented to the state courts.[18]  Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[19]  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for

---

[16] *People v. Beale*, No. C061321, 2010 WL 629506, at *2 (Cal. Ct. App. Feb. 24, 2010).

[17] *Id.* at *3.

[18] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

[19] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

the claim.[20]  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.[21]  In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes, or citing to federal case law.[22]  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.[23]  In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief.[24]  A mere appeal to a broad constitutional guarantee, e.g., due process, is insufficient to present the substance of a constitutional claim to the state courts.[25]  A petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment.[26]  If a petitioner cites a state case that analyzes a federal constitutional issue, that federal issue is fairly presented.[27]  The required level of explicitness is the same for *pro se* petitioners and petitioners who are represented by counsel.[28]

---

[20] *Scott v. Schiro*, 567 F.3d 573, 582 (9th Cir. 2009).

[21] *Duncan,* 513 U.S. at 365-66.

[22] *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000), *amended and superseded by Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001).

[23] *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir. 1996).

[24] *Gray v. Netherland,* 518 U.S. 152, 162-163 (1996).

[25] *See id.* at 163; *Anderson v. Harless,* 459 U.S. 4, 7 (1982).

[26] *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).

[27] *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003).

[28] *Lyons,* 232 F.3d at 669.

The factual bases for Beale's first and second grounds is identical—that he entered his plea on the understanding that he would be sentenced to the low to middle term, not the upper term. This claim is markedly different, both factually and legally, from the abuse of discretion under the state law claim Beale made on direct appeal. Thus, these claims are unexhausted. Beale candidly acknowledges that his third ground has not been presented to any state court.

**B.** **Stay and Abey**

In his traverse, Beale requests that this Court stay these proceedings and hold the Petition in abeyance while he exhausts his state court claims. Upon the request of the petitioner, this Court may stay a mixed habeas corpus petition and hold the entire petition—exhausted and unexhausted claims alike—in abeyance while the petitioner exhausts his unexhausted claims.[29] A stay and abeyance is available only in limited circumstances. First, there must be good cause for the petitioner's failure to exhaust his claims first in the state courts.[30] Second, even if good cause is shown, a district court would abuse its discretion if it were to grant a stay as to unexhausted claims that are plainly meritless.[31] Beale's request flounders on the shoals of the second prong—his claims plainly lack merit.

Grounds 1 & 2:  Violation of Plea Agreement

In his first ground, Beale contends that he entered his plea on the understanding that he would receive the low to middle term that was agreed upon by the court, the prosecution, and as

---

[29] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[30] *Id.*

[31] *Id*.

recommended by the probation officer.  In his second ground, Beale contends that the trial court

judge took it upon itself to impose the upper term in violation of the negotiated plea.[32]

 It is clearly the law that if, in fact, the prosecution breached the plea agreement, the case

must be remanded to the state courts for a determination of the appropriate remedy under the

circumstances,[33] which, in this case, is most likely specific performance.[34]  The proper

interpretation and effect of the agreement between the State of California and Beale in this case is

a matter governed by California contract law,[35] a matter that is beyond the purview of this Court

in a federal habeas proceeding.[36]  A petitioner may not transform a state-law issue into a federal

one by simply asserting a violation of due process.[37]  "[The Supreme Court has] long recognized

that a mere error of state law is not a denial of due process."[38]

 This Court also notes that, according to the record, the agreement was that Beale would

be sentenced to not less than eight but no more than ten years of imprisonment, and the

remaining counts, to which Beale did not enter a plea, would be dismissed.  There is nothing in

the record that even remotely supports Beale's contentions.  The agreement merely established

---

[32] In his Traverse, Beale also appears to contend that, in imposing the upper term, the trial court violated his Sixth Amendment right under *Cunningham v. California*, 549 U.S. 270 (2007). Beale overlooks the fact that he *admitted* the priors, which satisfies *Cunningham.  Id.* at 275.

[33] *See Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

[34] *See Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir. 2006).

[35] *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987).

[36] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) ("The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is not part of the Ninth Circuit's business.").

[37] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[38] *Cooke*, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

the minimum and maximum parameters within which the sentence would be imposed.  It did not

address the manner in which the court would treat each individual element of the sentence to be

imposed, i.e., whether it would be the lower, middle, or upper term.  Because this Court could

not grant relief under Beale's first and second grounds in any event, to stay and hold the Petition

in abeyance would be futile.

Ground 3:  Denial of Right to Appeal

Beale argues that, because the California Supreme Court summarily denied review, he

was denied his constitutional right to appeal.  Beale is incorrect.  "[I]t is well settled that there is

no constitutional right to an appeal."[39]  This Court may only entertain questions of constitutional

dimension.[40]  Thus, because he fails to present a question of constitutional dimension, Beale's

third ground is plainly meritless.

---

[39] *Abney v. United States*, 431 U.S. 651, 656 (1977) (citation omitted).

[40] *Smith v. Philips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." (citations omitted)); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 ("It is beyond dispute that we do not hold a supervisory power over the courts of the several states." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))); *Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

## V.  CONCLUSION AND ORDER

Beale's claims are unexhausted and without merit. Accordingly, the request to stay and

hold the Petition in abeyance must be denied and the Petition must be dismissed.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[41]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[42]

The Clerk of the Court is to enter judgment accordingly.

Dated:  February 13, 2012.

        /s/ James K. Singleton, Jr.
        JAMES K. SINGLETON, JR.
        United States District Judge

---

[41] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a
certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree
with the district court's resolution of his constitutional claims or that jurists could conclude the
issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El
v. Cockrell*, 537 U.S. 322, 327 (2003))).

[42] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

12